**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BED-VILLAGE OAKS, LLC AND 326 COLONIAL APARTMENT COMPLEX, LLC** | § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:17-CV-0553-G** |
| **SENECA SPECIALTY INSURANCE COMPANY,** | § § § § | |
| *Defendant.* | § | |

**DEFENDANT SENECA SPECIALTY INSURANCE COMPANY'S
BRIEF IN SUPPORT OF ITS RULE 12(b)(1) MOTION TO DISMISS
PLAINTIFF 326 COLONIAL APARTMENT COMPLEX, LLC**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Seneca Specialty Insurance Company ("Seneca") requests that this Court dismiss the claims asserted by Plaintiff 326 Colonial Apartment Complex, LLC ("Colonial") because it lacks standing to assert them. Seneca issued an insurance policy to Plaintiff BED-Village Oaks, LLC, which later reported two claims for fire damage at the property. Seneca paid those claims, but in the process of investigating them, Plaintiff BED-Village Oaks, LLC sold the property at issue to Plaintiff 326 Colonial Apartment Complex, LLC. Neither Plaintiff notified Seneca of the sale, nor did they attempt to obtain its consent to any transfer of rights under the Policy it had issued to Plaintiff BED-Village Oaks, LLC. The terms of the insurance policy specifically prohibit such assignments without Seneca's prior, written consent. Texas courts also recognize that the inability to transfer claims under an insurance policy means that the purchaser

of the property lacks standing to assert any claims under it.   Accordingly, Defendant Seneca Specialty Insurance Company, Inc. requests that this Court dismiss the claims asserted against it by Plaintiff 326 Colonial Apartment Complex, LLC due to a lack of standing.

# I.
## BACKGROUND

This is an insurance coverage dispute arising out of the sale of an apartment complex. Seneca issued a commercial property policy to Village Oaks for the policy period from September 10, 2013 to September 10, 2014 (the "Policy").[1] The Policy insured against property damage to a multi-building apartment complex located at 3550 E. Overton Street, Dallas, TX 75216 (the "Property").

On February 3 and 23, 2014, two separate fires damaged two different buildings at the Property.   Village Oaks timely notified Seneca of each of the claims.   Seneca then assigned an adjuster and commenced its investigation of the claim, including working with the contractor hired by Village Oaks.   Seneca and Village Oaks ultimately agreed on the value of the loss. On December 5, 2014, Village Oaks then submitted two Sworn Proofs of Loss and Seneca issued payment.[2]   The Sworn Proofs of Loss do not indicate that the property was being sold nor do they reference Colonial.

Unbeknownst to Seneca, Village Oaks was in the process of selling to Property to Colonial at that same time.   On December 31, 2014 Colonial and Village Oaks entered into a Reinstatement of and First Amendment to Commercial Earnest Money Contract that sold ownership of the property from Village Oaks to Colonial.[3]   That documents shows that BED

---

[1] Appx. at 009.
[2] Appx at 035-036.
[3] Appx. at 037-061.

assigned "all of its right, title and interest in and to the insurance proceeds" stemming from the two February 2014 losses at the Property.[4] Seneca was not notified of this transaction until it had been completed.[5]

Colonial later requested that Seneca issue the amount of recoverable depreciation it had previously calculated for Village Oaks' claims.  Based on the post-loss transfer of the property and the anti-assignment provision in its insurance policy, Seneca denied Colonial's claim. Approximately eighteen months later, Colonial and Village Oaks filed this lawsuit.

## II.
## STANDARD OF REVIEW

A party may move to dismiss under Fed. R. Civ. P. 12(b)(1) in order to challenge a plaintiff's standing to bring a suit. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Such a motion may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir.2009); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). Standing is a question of law for the court to decide. *Friends of St. Frances Xavier Cabrini Church v. FEMA*, 658 F.3d 460, 466 (5th Cir. 2011). In deciding questions of law that involve claims based on state law, such as standing, applicable state law governs. *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F.Supp.2d 961, 965 (S.D.Tex. 2013); *see Crocker v. Federal Deposit Insurance Corp.*, 826 F.2d 347, 349 (5th Cir.1987).

"In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson*

---

[4] Appx. at 006.
[5] Appx. at 001.

*County*, 369 S.W.3d 137, 154 (Tex. 2012). Since this is identical to the federal requirement for Article III standing, Texas courts "turn for guidance to precedent from the U.S. Supreme Court, which has elaborated on standing's three elements." *Id*. "The standing inquiry 'requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.' " *Id*. at 156 (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)).

## III.
## ANALYSIS

### A.      Colonial Lacks Standing to Pursue Its Claims Against Seneca

Though Texas law generally allows assignees to assert assigned claims, anti-assignment clauses in insurance policies have been "consistently enforced by Texas courts" and prevent a purported assignee from having standing to sue under the assigned policy. *Nautilus Ins. Co. v. Concierge Care Nursing Centers, Inc*., 804 F.Supp.2d 557, 559 (S.D.Tex. 2011) ("anti-assignment clauses affect whether a plaintiff has standing"); *Chul Ju Choi v. Century Sur. Co.*, No. Civ. A. H-10-528, 2010 WL 3825405, at *5 (S.D. Tex. Sept. 27, 2010) (dismissing similar claims for lack of standing); *Conoco, Inc. v. Republic Ins. Co.*, 819 F.2d 120, 124 (5th Cir. 1987).  Like the policies interpreted in those cases, the Seneca Policy contains standard language that provides:[6]

### P.  Transfer of Your Rights and Duties Under This Policy

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

Courts routinely hold that this language is unambiguous and constitutes an enforceable anti-assignment clause. *See Keller Founds., Inc. v. Wausau Underwriters Ins. Co.*, 626 F.3d 871, 875-

---

[6] Appx 017.

76 (5th Cir. 2010); *Paramount Disaster Recovery, Inc. v. Axis Surplus Ins. Co.*, No. 4:10-cv-03385, 2011 WL 3875357 (S.D. Tex. Aug. 31, 2011); *Choi v. Century Sur. Co.*, No. H-10-528, 2010 WL 3825405 at *4 (S.D. Tex. Sept. 27, 2010).  Indeed, the Fifth Circuit has specifically held that non-assignment clauses are enforceable in Texas even for post-loss assignments and without requiring the insurer to establish prejudice.  *Id.*

Here, there is no dispute that:  (1) Seneca's Policy was only issued to BED; (2) the Seneca Policy does not identify Colonial as any type of insured insured; and (3) Seneca was not consulted prior to the parties' purported assignment of BED's insurance claim.  Because Seneca's consent was not obtained, BED's assignment of its interest in the Policy to Colonial is invalid and Colonial does not have standing to bring this lawsuit.

Seneca anticipates that Colonial will try to argue that its claims should survive because the transfer from BED only involved "proceeds" and not the policy itself.  The Fifth Circuit has already rejected that argument.  In *Conoco v. Republic Ins. Co.*, the plaintiff purchaser obtained an assignment of any insurance proceeds that the insured might collect from its liability carrier. *Conoco,* 819 F.2d 120, 124 (5th Cir. 1987). The carrier argued that the assignment was invalid based on the following policy language, "[n]o claim or demand against this company under this policy shall be assigned or transferred. . . ." *Id.*  Conoco attempted to distinguish its assignment from the anti-assignment language by arguing that the assignment was for "proceeds", not a "claim or demand." *Id.*  The Fifth Circuit rejected that argument and explained:

> "Appellee argues in response that its rights as an assignee arise not because Bonanza assigned a "claim or demand," in contravention of the no-assignment clause, but here Bonanza assigned 'proceeds' — a horse of a different color. The distinction is specious. An assignee stands in the boots of his assignor and we have already held that Bonanza's boots do not entitle it to recover from appellant. Appellee cannot enlarge Bonanza's boots by putting the label 'proceeds' on its claim. Words cannot change a plugged nickel into a silver dollar."*Id.*

As a result, Colonial cannot use the term "proceeds" as a basis for standing.  Therefore, Seneca requests that Colonial's claims against it be dismissed with prejudice.

**B.      Colonial Cannot Assert Extra-Contractual Claims as Matter of Settled Law**

Even if the Court were to conclude that Colonial does have standing to pursue a contractual claim against Seneca, it nevertheless does not have standing to pursue its claims for violations of the Texas Insurance Code.  The Texas Supreme Court has held that claims under the Texas Deceptive Trade Practices Act ("DTPA") cannot be assigned because that statute is "personal and punitive" in nature.  *PPG Indus., Inc. v. JMB/Houston Ct. Partners, Ltd.*, 146 S.W.3d 79, 92 (Tex. 2004).  Federal courts have held that claims under the Insurance Code are not assignable for the same reasons. *Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-00005 (RCL), 2016 WL 5942327, at *6 (W.D. Tex. Oct. 12, 2016); *Great Am. Ins. Co. v. Fed. Ins. Co.*, No. 3:04-CV-2267-H, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8, 2006); *Launius v. Allstate Ins. Co.*, CIV.A.3:06-CV-0579-B, 2007 WL 1135347, at *6 (N.D. Tex. Apr. 17, 2007).  Claims for breach of the common law duty of good faith and fair dealing are also personal to the insured because that duty only exists by virtue of the insurance policy.  By extension, a non-party to that contract would not be owed the same duties.   Accordingly, neither of Colonial's extra-contractual causes of action are proper.

**IV.**
**CONCLUSION**

For the reasons stated above, Defendant Seneca Specialty Insurance Company requests that the Court grant this motion and dismiss Plaintiff 326 Colonial Apartment Complex, LLC's claims with prejudice.

---

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Christopher H. Avery
       JAMES N. ISBELL
       Attorney-in-Charge
       Bar No. 10431900
       jisbell@thompsoncoe.com
       CHRISTOPHER H. AVERY
       Bar No. 24069321
       cavery@thompsoncoe.com
       One Riverway, Suite 1400
       Houston, Texas 77056
       Telephone: (713) 403-8210
       Facsimile: (713) 403-8299

LOCAL COUNSEL:
TRAVIS M. BROWN
State Bar No. 24061890
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: tbrown@thompsoncoe.com

**ATTORNEYS FOR**
**SENECA INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the 1st day of May to the following counsel of record:

     MATTHEW R. PEARSON
     JONATHAN C. LISENBY
     GRAVELY & PEARSON, LLP
     425 Soledad, Suite 600
     San Antonio, Texas 78205
     mpearson@gplawfirm.com
     jlisenby@gplawfirm.com

             /s/ Christopher H. Avery
             Christopher H. Avery

2673027v1
01446.165