UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BED-VILLAGE OAKS, LLC and <br> 326 COLONIAL APARTMENT <br> COMPLEX, LLC <br>         Plaintiffs, <br><br> VS. <br><br> SENECA SPECIALTY INSURANCE <br> COMPANY <br>         Defendant. | § § § § § § § § § § § | Civil Action No. 3:17-cv-00553-G |

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS'
OPPOSED MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    COME NOW Plaintiffs BED-VILLAGE OAKS, LLC AND 326 COLONIAL APARTMENT COMPLEX, LLC ("PLAINTIFFS"), and file this Brief in Support of Plaintiffs' Opposed Motion to Remand, because Defendant Seneca Specialty Insurance Company ("Seneca") has submitted to the jurisdiction of any court of competent jurisdiction within the United States, and therefore, this case must be remanded to the 116th Judicial District, Dallas County, in which it was originally filed.

**PLAINTIFFS' CLAIMS**

    1.    Plaintiffs filed suit in the 116th Judicial District, Dallas County to recover damages and benefits from its insurer concerning a policy of insurance covering Plaintiffs' apartment complex at 3550 E. Overton Street, Dallas, Texas 75216. The policy insured the property and its contents against loss by fire and smoke damage, among other perils, and was in effect at the time of loss. On or about February 3, 2014 and February 23, 2014, Plaintiffs sustained covered losses

as a consequence of fire and smoke, and Plaintiffs promptly reported same to Seneca pursuant to the terms of the insurance policy. The policy contained a Service of Suit Endorsement which contained a statement that the Company:

> will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court. It is further agreed that in any such action we will abide by the final decision of any such court or of any appellate court in the event of an appeal.

See a true and correct copy of the Service of Suit Endorsement for the underlying Policy attached hereto as Exhibit A.

2. The Fifth Circuit has held that in insurance contracts such as the one here, the above clause is tantamount to waiver of federal jurisdiction. *See Rose City* v. *Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991) (the clause gives the policyholder "the right to select the forum, foreclosing [Defendant's] right to remove this action to federal court."). The clause operates as a waiver of the right of removal, requiring that the district court remand the case. *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citing *City of Rose City*, 931 F.2d at 16) ("A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard.").

3. Because Defendant has effectively waived its ability to remove this case to federal court, federal jurisdiction is lacking and this court must remand the case to the state court from where it was removed.

**CONCLUSION AND PRAYER**

Accordingly, this case should be remanded back to the 116th Judicial District Court of Dallas County where it was filed. Plaintiffs additionally pray for all other relief to which they are

entitled.

                                  Respectfully submitted,

                                  */s/ Matthew R. Pearson*

Matthew R. Pearson
State Bar No. 00788173
mpearson@gplawfirm.com
Jonathan C. Lisenby
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, LLP
425 Soledad, Suite 600
San Antonio, Texas  78205
Telephone: (210) 472-1111
Facsimile:   (210) 472-1110

And

Warren V. Norred
State Bar No. 24045094
wnorred@norredlaw.com
Norred Law, PLLC
200 E. Abram Street, Suite 300
Arlington, Texas 76010
Telephone:  (817) 704-3984
Facsimile:  (817) 524-6686

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above Brief in Support of Motion to Remand was served under both Rule 5 of the Federal Rules of Civil Procedure, and Rules 21 and 21a of the Texas Rules Civil Procedure, on the 1st day of May, 2017, upon the following counsel of record:

James N. Isbell
jisbell@thompsoncoe.com
Christopher H. Avery
cavery@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas  77056

_Matthew R. Pearson_
Matthew R. Pearson