IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BED-VILLAGE OAKS, LLC AND  326 COLONIAL APARTMENT COMPLEX, LLC  *Plaintiffs*,  v.  SENECA SPECIALTY INSURANCE COMPANY,  *Defendant*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-0553-G |

**BRIEF IN SUPPORT OF DEFENDANT SENECA SPECIALTY INSURANCE CO.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff's Motion to Remand should be denied because it is untimely. Plaintiff correctly notes that the insurance policy issued by Seneca Insurance Company, Inc. ("Seneca") contains a Service of Suit clause, but that clause does not justify remand since it is only a procedural defect that should have been addressed months ago. Seneca removed this case on February 24, 2017. Plaintiffs did not file their Motion until May 1, 2017 – well over sixty days since the deadline to address such procedural issues. As such, Plaintiffs' Motion to Remand should be denied.

## I.   BACKGROUND

This is an insurance case arising out of two fires at an apartment complex located in Dallas. At the time of the fires, the property was owned by Plaintiff Behind Every Door, LLC ("BED"). Seneca insured the properties under a commercial property insurance policy issued only to BED. Seneca and BED agreed on the scope of damages and necessary repair costs, and Seneca timely issued payment for the actual cash value of the damages to BED.

During the adjustment of the claim BED sold the property to Plaintiff 326 Colonial Apartment Complex, LLC ("Colonial") without informing Seneca. Although Colonial was not an insured under the Seneca policy, it nevertheless requested proceeds allegedly necessary to repair damage from the fire. Seneca denied its claim and Plaintiffs later filed this action in Dallas County state court.

On February 24, 2017, Seneca timely removed the case to this Court. [Doc. 1] After removal the Parties conferred as required by this Court's Status Report Order. [Doc. 6]. At no time during that conference or in drafting the Joint Status Report did either Plaintiff ever challenge removal. Nevertheless, over twelve weeks after removal, Plaintiffs filed their Motion to Remand. [Doc. 20].

## II.   STANDARD OF REVIEW

The removal statute requires that a motion to remand a case for "procedural" defects in removal, as opposed to jurisdictional defects, must be made within 30 days after the removal notice is filed in federal court. 28 U.S.C. § 1447(c); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 117 (1996); *Pavone v. Miss. Riverboat Amusement Corp.,* 52 F.3d 560, 566 (5th Cir.1995). The Fifth Circuit has ruled that a procedural defect is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines Inc.,* 932 F.2d 1540, 1544 (5th Cir.1991). A plaintiff who does not object to a procedural error in the removal within 30 days waives the objection to the error. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 457 (5th Cir.1998). "This thirty-day deadline is strictly enforced in the Fifth Circuit." *Pruetz v. Standard Guar. Ins. Co.*, H–10–4198, 2011 WL 867044 (S.D. Tex. Mar. 10, 2011).

### III. ANALYSIS

Plaintiffs' Motion to Remand in this case is untimely and should be denied. Plaintiffs do not dispute that the Court has jurisdiction over the case because of the diversity of the parties. The only basis for remand would be based on the Service of Suit clause, but that basis is solely a procedural defect that must be raised within thirty days of removal. Plaintiffs did not raise such an objection at that time, and instead, waited almost twelve weeks to assert the current motion.

The Southern District of Texas has already reviewed and rejected virtually identical arguments. In *Pruetz v. Standard Guaranty Ins. Co.*, an insured argued that an insurer's removal to federal court was improper due to the Service of Suit clause. 2011 WL 867044 at *1. Nevertheless, the Court denied the Motion because the Fifth Circuit has been clear that such circumstances are procedural defects that must be timely raised. *Id.* Because the Plaintiff had not done so, remand was improper. These facts are virtually identical. Accordingly, the Court should deny Plaintiffs' Motion to Remand.

### IV. CONCLUSION

For the reasons stated above, Defendant Seneca Specialty Insurance Company requests that this Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/* Christopher H. Avery
    JAMES N. ISBELL
    Attorney-in-Charge
    Bar No. 10431900
    jisbell@thompsoncoe.com
    CHRISTOPHER H. AVERY
    Bar No. 24069321
    cavery@thompsoncoe.com
    One Riverway, Suite 1400
    Houston, Texas 77056

                                            Telephone:  (713) 403-8210
                                            Facsimile:  (713) 403-8299

LOCAL COUNSEL:
LINDSEY SHINE LAWRENCE
State Bar No. 24053681
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209
Email:  tbrown@thompsoncoe.com

**ATTORNEYS FOR**
**SENECA INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the 15th day of May to the following counsel of record:

MATTHEW R. PEARSON
JONATHAN C. LISENBY
GRAVELY & PEARSON, LLP
425 Soledad, Suite 600
San Antonio, Texas  78205
mpearson@gplawfirm.com
jlisenby@gplawfirm.com

                                            */s/Christopher H. Avery*
                                            Christopher H. Avery